UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MARTY ORLUCK, dba COMPETITION
AUTO BODY,

        Plaintiff,

    v.

ILLINOIS TOOL WORKS and PPX, INC.,

        Defendants.

Case No. 3:20-cv-01947-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Defendant Illinois Tool Works has filed a Motion to Dismiss (ECF 9) pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that plaintiff has failed to state claims for relief. Defendant PPX, Inc., has joined the motion. ECF 10.

    In response to the motion, plaintiff concedes that the fifth claim for implied warranty should be dismissed, but otherwise seeks leave to file an amended complaint. *See* Resp. 2, ECF 11. The court construes plaintiff's request as a motion to file an amended complaint, and grants that motion.[1] Defendants' motion to dismiss (ECF 9) is therefore denied as moot. If defendants

---

[1] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, No. CV-09-2168-PHX-ROS(LOA), 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citations omitted).

1 – OPINION AND ORDER

believe plaintiff's amended complaint does not cure the defects, or creates new deficiencies, they may file a motion to dismiss the amended complaint based on any previously-asserted or new grounds.

I.      **Relevant Law Regarding Sufficiency of Claims**

Pursuant to Rule 8(a), a claim must contain a "short and plain statement . . . showing that the pleader is entitled to relief." "Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) (citations omitted). "[C]ourts need not accept as true legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and "only a complaint that states a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief can survive a motion to dismiss." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 678-79 (2007)). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.C. at 678.

In resolving a Rule 12(b)(6) motion, all factual allegations in the complaint are taken as true and construed in the light most favorable to plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

II.     **Standard For Granting Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice requires." "The standard for granting leave to amend is generous." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988).

However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The court "may exercise its discretion to deny

leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original). Prejudice is the most important factor. *Eminence Capital, LLC v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003). Under the futility analysis, "[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Krainski v. Nevada ex rel. Bd. of Regents of NV. System of Higher Educ.,* 616 F.3d 963, 972 (9th Cir. 2010) (internal citation and quotation marks omitted); *see also Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (noting that a court should permit amendment "unless it determines that the pleading could not possibly be cured by the allegation of other facts") (internal quotation marks and citation omitted)).

Here, there is no evidence of delay, undue prejudice, bad faith, or previous amendments. Therefore, whether to grant leave to amend turns on whether amendment would be futile.

**III.    First Claim—UTPA Claim**

Defendants assert that plaintiff has failed to allege a UTPA claim because the complaint does not allege (1) the product was customarily purchased for personal, family, or household use, and (2) it was in fact purchased by plaintiff for personal, family, or household use. Mot. 4-5, ECF 9 (citing *Fowler v. Cooley*, 239 Or. App. 338, 344 (2010)). Plaintiff concedes that the claim "should be dismissed *only* as it relates to the work done as part of Plaintiff's professional business," but contends that the claim should be allowed "[t]o the extent that plaintiff suffered damages and loss of use of his personal vehicle (as alleged in the complaint)." Resp. 1-2, ECF 11 (emphasis in original).

3 – OPINION AND ORDER

The complaint alleges that "Defendants market these products for use in the auto body restoration and collision repair industry" and that "[t]hey are designed to be used for restoration and repair of automobile body parts and panels." Compl. ¶¶ 2, 3, ECF 1-1. Plaintiff also alleges that he used the product on his own '77 Mustang Cobra II. *Id.* ¶ 10. Even construing the complaint in the light most favorable to plaintiff, it is not clear that these products are customarily purchased for personal, family, or household use.[2] However, the court cannot conclude that the UTPA claim could not be saved by any amendment. Therefore, plaintiff is granted leave to amend the complaint to allege a plausible UTPA claim.

Defendants argue that allowing plaintiff to amend the complaint would be inconsistent with and contradict the allegations in the original complaint. Reply 4, ECF 12 (citing *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011)). Defendants contend that "[t]his would require [plaintiff] to now allege that he purchased ITW's products for personal use and that these products are customarily purchased for personal use. These allegations would completely undercut Plaintiff's current allegations that his business purchased the products for commercial purposes – the purpose for which ITW markets them." Reply 4, ECF 12.

The Ninth Circuit has held that "[a] district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.

---

[2] Plaintiff contends that because the complaint alleges he used the products on his personal vehicle, that is sufficient to allege he purchased the products for personal use. When the complaint is viewed in the light most favorable to plaintiff, the allegations are arguably sufficient in that regard. However, it would do no harm to allege that element more clearly as well.

1986)).³ However, nothing here suggests that the products could not be both marketed for use in the auto body restoration and collision repair industry and also "customarily bought by a substantial number of purchasers for personal, family or household uses," *Fowler*, 239 Or. App. at 344, or that plaintiff did not purchase the product for both personal and business purposes. Therefore, plaintiff's request to amend the complaint cannot be denied on that basis.

IV.     **Second Claim—Negligence**

Defendants contend that plaintiff's negligence claim must be dismissed under the economic loss doctrine because "he seeks nothing more than economic loss," i.e., lost labor and materials, lost profits, and storage costs. Mot. 6-7, ECF 6. "[A] negligence claim for the recovery of economic losses caused by another must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." *Onita P. Corp. v. Trustees of Bronson*, 315 Or. 149, 159 (1992). "[O]ne ordinarily is not liable for negligently causing a stranger's purely economic loss without injuring his person or property." *Hale v. Groce,* 304 Or. 281, 284 (1987)).

"Every physical injury to property can be characterized as a species of 'economic loss' for the property owner, because every injury diminishes the financial value of the property owner's assets." *Harris v. Suniga*, 344 Or. 301, 310 (2008).

> Damage to a car reduces the value of the car—one of the owner's assets. A tree falling on a person's residence is damage to property, but also can be characterized as a financial loss because it reduces the value of the residence, which the owner may properly view as an asset or financial investment as well as a residence. Yet the law ordinarily allows the owner of the damaged car or residence to recover in negligence from the person who caused the damage.

---

³ *But see PAE Govt. Services, Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) (holding "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations").

5 – OPINION AND ORDER

*Id.* Thus, the Oregon Supreme Court has "used the term 'economic losses' to describe 'financial losses such as indebtedness incurred and return of monies paid, *as distinguished from damages for injury to person or property.*'" *Id.* (quoting *Onita*, 315 Or. at 159 n.6) (emphasis in original). "That definition did not purport to be comprehensive, but it plainly indicated that the court was adhering to the distinction that had developed in the common law between 'purely economic losses,' on the one hand, and damages for physical injuries to person or property, on the other." *Id.*; *see id.* (describing examples of reduced stock price, the monetary gift to a beneficiary, or the "indebtedness incurred or return of monies paid").

Plaintiff requests that he be "allowed to bring a negligence claim against Defendant ITW for the damage caused to Plaintiff's personal vehicle (minus the storage costs alleged in the complaint)." Resp. 2, ECF 11. Plaintiff is allowed to amend the complaint to make his negligence claim more clear.

### III. Third and Fourth Claims—Product Liability

Defendants contend that plaintiff's product liability claims are similarly barred by the economic loss rule because plaintiff is "seeking to recover pure economic loss without having suffered any personal injury or property damage." Mot. 7, ECF 9. As with the negligence claim, plaintiff is given the same opportunity to replead his product liability claims.

### IV. Fifth Claim—Implied Warranty

Plaintiff stipulates to dismissal of this claim against both defendants.

### V. Noneconomic Damages

In the complaint, plaintiff seeks "$20,000 in non-economic damages." Compl. 10, ECF 1-1. Defendants argue that plaintiff is not entitled to noneconomic damages because he has failed to allege physical impact or an invasion of a legally protected interest. Mot. 9, ECF 9.

6 – OPINION AND ORDER

Also, defendants contend that plaintiff "has alleged losses in his capacity as a business owner, . . . not in his personal capacity," but noneconomic damages are only available for subjective non-monetary losses. *Id.* at 10. In response, plaintiff clarifies that the alleged non-economic damages "are not for emotional pain and suffering, but rather loss of use and enjoyment of his vehicle." Resp. 3, ECF 11.

Oregon law allows for noneconomic damages of no more than $500,000 "[i]n any civil action seeking damages *arising out of bodily injury*, including emotional injury or distress, death or property damage of any one person including claims for loss of care, comfort, companionship and society and loss of consortium." O.R.S. 31.710(1) (emphasis added). Non-economic damages are defined as "subjective, nonmonetary losses, including but not limited to pain, mental suffering, emotional distress, humiliation, injury to reputation, loss of care, comfort, companionship and society, loss of consortium, inconvenience and interference with normal and usual activities apart from gainful employment." O.R.S. 31.710(2)(b).

"The impact rule allows a plaintiff to recover for emotional distress when he or she also has suffered a physical injury." *Philibert v. Kluser*, 360 Or. 698, 708 (2016). "[P]sychic and emotional injuries" are not recoverable where the "plaintiff suffered no physical injury from [the] defendants' alleged negligence and [where the plaintiff] has not shown that [the] defendants' conduct was anything more than negligent[.]" *Hammond v. Central Lane Communications Center,* 312 Or. 17, 20 (1991); *see also Chouinard v. Health Ventures*, 179 Or. App. 507, 515 (2002) ("At a minimum, the physical impact rule requires an act or omission that results in some perceptible physical effect on a plaintiff.").

"In simple negligence cases involving personal property, the courts have been reluctant to authorize the allowance of damages for mental anguish or disturbance allegedly caused by the

7 – OPINION AND ORDER

defendant's wrongful acts." W.E. Shipley, Comment Note, *Recovery for mental shock of distress in connection with injury to of interference with tangible property*, 28 A.L.R.2d 1070 (1953). "Even when the subject matter has its chief value in its value for use by the injured person, if the thing is replaceable, the damages for its loss are limited to replacement value, less an amount for depreciation." Restatement (Second) of Torts § 911 cmt e. (1979).

Moreover, as defendants correctly observe, an ascertainable loss under the UTPA "is one that is economic in nature and involves "money or property, real or personal," such that the loss is "objectively verifiable." *Mendoza v. Lithia Motors, Inc.*, No. 6:16-CV-01264-AA, 2017 WL 125018, at *3 (D. Or. Jan. 11, 2017) (quoting *Pearson v. Philip Morris*, 358 Or. 88, 117 (2015). "Noneconomic damages which are not objectively verifiable, such as physical pain or emotional distress, do not constitute ascertainable losses under the UTPA." *Id.*

Plaintiff has alleged no bodily injury here, so it is difficult to see how he is entitled to noneconomic damages. Nevertheless, in repleading his claims, plaintiff may be able to make the basis of his non-economic damages more clear.[4]

//
//
//
//
//
//

---

[4] This case was removed to federal court based on diversity jurisdiction because plaintiff alleged damages exceeding $75,000 and the parties are citizens of different states. *See* Notice of Removal, ECF 1. The court's jurisdiction will be called into question if plaintiff amends the complaint to allege claims relating to his personal vehicle only and the amount in controversy no longer exceeds $75,000.

8 – OPINION AND ORDER

**ORDER**

The court construes plaintiff's request as a motion to file an amended complaint, and grants that motion.  Plaintiff shall file an amended complaint within 21 days of this order.  Defendants' motion to dismiss (ECF 9) is denied as moot.  This order does not preclude defendants from renewing their motion to dismiss after plaintiff files an amended complaint.

DATED  August 6, 2021.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge
